**In the Matter of John W. BROOKS.**

**No. 681S151.**

Supreme Court of Indiana.

July 16, 1982.

Duge Butler, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Martha Sanders Hoover, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and John W. Brooks, Respondent herein, have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has submitted the requisite Affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). We have considered all matters presented herein and now find that the agreement of the parties should be accepted and approved.

The Respondent is charged under four counts with engaging in conduct involving misrepresentation, conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law, neglecting a legal matter, failing to carry out a contract of employment, failing to act competently, and prejudicing and damaging his clients.

This Court now finds, pursuant to the agreement of the parties that the Respondent is a member of the Bar of this State. In May, 1977, Essie Wells retained Respondent to represent her in a discrimination action which the Respondent filed in the United States District Court for the Southern District of Indiana. On the date set for trial the Respondent appeared without witnesses and without having notified his client of the trial setting. The attorneys for both sides met with the Honorable S. Hugh Dillon and agreed on a settlement of $1,500.00, subject to Wells' approval. The defense counsel, Susan Tabler, prepared the Settlement Agreement and delivered it to the Respondent on or about December 5, 1979. Wells rejected the offer and refused to sign. On January 7, 1980, the defendants filed a Motion to Dismiss which was granted thereafter on January 29, 1980. Wells later signed the agreement, only after the motion to dismiss had been granted.

By failing to obtain his clients' consent or to proceed with the claim in a timely manner, the Respondent neglected a legal matter entrusted to him, failed to carry out a contract of employment and prejudiced and damaged his client, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law*. Furthermore, the Respondent engaged in conduct that is prejudicial to the administration of justice and adversely reflects on his fitness to practice law, in violation of Disciplinary Rule 1–102(A)(5) and (6) of the *Code of Professional Responsibility for Attorneys at Law*.

On or about June 1, 1979, the Respondent was retained by "Manchild", a musical group, to represent them against a former business manager, Stanley Johnson. The Respondent was given a check as a retainer, but the check was returned from the bank marked "insufficient funds". The check was later replaced with valid currency; however, this was not done until default judgment had already been entered against the group. During much of 1979 the Respondent had difficulty in contacting members of the band and failed to inform them of scheduled hearing dates. On September 7, 1979, the Plaintiff, Johnson, filed a Motion for Default and a hearing was held on such motion on September 14, 1979. Neither Respondent nor his clients appeared at said hearing and the motion for default was granted.

On November 15, 1979, and after Respondent had been paid, he filed a Motion to Set Aside Default Judgment. The judgment was set aside but was later reinstated and a hearing for damages was set for May 12, 1980.

On March 19, 1980, Johnson filed Interrogatories and a Motion to Produce which were to be complied with by April 21, 1980. The Respondent did not notify the members until on or about May 2, 1980. Although they received subpoenas, the Respondent advised them not to attend the May 12th hearing and further told them that he had obtained a continuance. However, Respondent's motion for continuance, filed on May 5, was denied and the hearing proceeded on May 12 as scheduled. Neither Respondent nor his clients were present. The Respondent was, for the entire day, in Federal Court.

Judgment of $11,535.00 was entered against the members of "Manchild". The Respondent prepared Petitions in Bankruptcy but never filed said petitions because the members failed to forward funds for filing the same. On June 4, 1980, the aforesaid judgment was executed by the impoundment of the group's musical instruments. The Respondent withdrew on June 30, 1980, and the group retained other counsel to pursue the appeal.

The aforesaid conduct violates Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law* in that the Respondent neglected a legal matter entrusted to him, failed to carry out a contract of employment and prejudiced the interests of his clients. The Respondent's conduct also violates Disciplinary Rules 1–102(A)(4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law* and that it involves misrepresentation, is prejudicial to the administration of justice and adversely reflects on Respondent's fitness to practice law.

Under Count III we find that Malcolm Averitte and Dock Henson retained the Respondent on May 14, 1979, to determine the status of the estate of their uncle, Dock Henson, Sr. The Respondent accepted said employment and was paid $250 as a retainer fee.

Averitte and Henson did not hear from the Respondent for three months and in August, 1979, attempted to contact the Respondent without success. The Respondent had completed the investigation and had relayed the information to the home of Averitte, but this information apparently was not relayed to Averitte.

Averitte and Henson made an appointment to meet with the Respondent in his office in February, 1980. When they arrived at the Respondent's office, the Respondent referred them to another attorney

and told them he would return in five minutes. After waiting for twenty-five minutes, Averitte and Henson learned that the Respondent was not going to return; however, another attorney in the office discussed the matter with them. The foregoing facts establish that the Respondent neglected a legal matter entrusted to him and failed to carry out a contract of employment, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) of the *Code of Professional Responsibility for Attorneys at Law*. Respondent's conduct also violates Disciplinary Rules 1–102(A)(5) and (6) of the *Code of·Professional Responsibility for Attorneys at Law* in that it is prejudicial to the administration of justice and adversely reflects on the Respondent's fitness to practice law.

In March, 1979, Respondent was retained by Thomas Weems to represent Weems in a property damage action arising out of an automobile accident. The Respondent did not receive any money, but · he advised Weems that he would file an action for $2,400.00 in Small Claims Court against the driver of the other vehicle involved in the accident.

On several occasions thereafter, the Respondent advised Weems that the action had been filed and represented to him the status of the alleged case. In fact, the Respondent had not filed an action and, as a result, it was necessary for Weems to retain other counsel to pursue his cause. As under the previous counts, Respondent's actions relative to this client Weems constitute neglect of a legal matter and are violative of Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law.*

The parties have further agreed that there are mitigating circumstances which explain Respondent's conduct in the foregoing matters. Nonetheless, the Respondent has exhibited a pattern of neglect toward his clients and a pattern of inadequate communication with them. Were this an isolated incident of misunderstanding, delay or oversight, Respondent's behavior may have been less reprehensible. However, the Respondent repeatedly breached the trust his clients placed in him and failed to pursue their interests with the utmost competence and diligence.

In light of the above considerations, the agreed discipline is approved. It is, therefore, ordered that the Respondent be and he hereby is suspended from the practice of law in Indiana for a period of ninety (90) days, beginning August 1, 1982. At the conclusion of the ninety day period of suspension the Respondent shall automatically be reinstated under the terms of Admission and Discipline Rule 23, Section 4(b).

Costs of these proceedings are assessed against the Respondent.